# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION and NETCHOICE,

    *Plaintiffs*,

v.

ASHLEY BROOKE MOODY, in her official capacity as Attorney General of the State of Florida,

    *Defendant*.

Case No. 4:24-cv-00438-MW-MAF

## JOINT REPORT ON PARTIES' MEET AND CONFER REGARDING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

    As required by this Court's October 29 Order Setting Conference Schedule, Dkt. No. 6, the Parties met and conferred via telephone and email on November 4, 5, and 6 concerning those issues raised in the Court's Order. As the result of those conferences and subsequent email communications, and before the Court's scheduled November 8 telephonic scheduling conference, the Parties jointly report as follows:

    A.  The parties do not anticipate the need for live testimony at the hearing on Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 4 ("Motion").

B.  The parties do not object to the admissibility of each other's declarations on the ground that they are out-of-court statements, but they reserve their right to object to the admissibility of each other's declarations on other grounds and to make arguments concerning the weight to be accorded those declarations.

C.  The parties propose the following briefing and hearing schedule, but Plaintiffs note that the briefing schedule may need to be adjusted depending on how the Court resolves the parties' discovery dispute below:

- Defendant's Opposition to Plaintiffs' Motion due on or before December 2, 2024.
- Plaintiffs' Reply in Support of their Motion due on or before December 13, 2024 at noon.
- A hearing on Plaintiffs' Motion the week of December 16, 2024.

D.  The parties disagree regarding discovery, and their respective positions are set forth below.

**<u>Plaintiffs' Position</u>**

1.  Plaintiffs disagree with Defendant's position that Defendant has a clear right to depose all of Plaintiffs' declarants at this stage. Plaintiffs do not believe that Defendant has met her burden of establishing "good cause" for expedited discovery because Defendant has failed to identify any factual disputes that are necessary to decide the Plaintiffs' Motion. But in an effort to accommodate Defendant's request,

2

Plaintiffs are willing to make Matt Schreurs (CCIA) and Bartlett Cleland (NetChoice) available for depositions in Washington, D.C. before the proposed December 2 deadline for Defendant's Opposition to Plaintiffs' Motion. Plaintiffs maintain that each deposition should be limited to information contained in the declarants' respective declarations. Plaintiffs also propose limiting each deposition to 3 hours or such time limit as established by the Court. Deposing the CCIA and NetChoice declarants should be more than sufficient for Defendant to respond to the Motion.

  2. Alternatively, if Defendant is willing to stay enforcement of the challenged statute against Plaintiffs' members from the statute's January 1 effective date until the Preliminary Injunction Motion is resolved, Plaintiffs are willing to make all four declarants available for depositions for 3 hours each. Plaintiffs maintain that each deposition should be limited to information contained in the declarants' respective declarations, and that the depositions will take place in Washington, D.C. (for Matt Schruers, Bartlett Cleland, and Alexandra Veitch) and Santa Monica, CA (for David Boyle), or via Zoom if Defendant prefers. If the Court determines that depositions are appropriate, Defendants reserve the right to depose Plaintiffs' experts. The briefing schedule proposed above would need to be adjusted to accommodate the additional depositions.

**Defendant's Position**

1. The Attorney General believes that the Motion for a Preliminary Injunction cannot be appropriately resolved without a minimum level of factual development. Specifically, the Attorney General has engaged three experts whose declarations will be attached to her preliminary injunction opposition. The Attorney General also requests the Court's leave to depose each of Plaintiffs' four declarants before her opposition brief is due—preferably no later than November 20, 2024.

"Good cause" for this limited expedited discovery exists because (1) Plaintiffs have sued and sought a preliminary injunction, (2) Plaintiffs have propounded four witnesses by attaching their declarations as support for the preliminary injunction motion, (3) the discovery sought is modest—the Attorney General is not seeking paper discovery or the deposition of any witness not already propounded by Plaintiffs, and (4) the Attorney General sought that discovery promptly—she requested deposition dates for the declarants the day the preliminary injunction motion was filed, on October 29, 2024. *See, e.g.*, *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021).

Plaintiffs have offered to make just two of four witnesses available, for just three hours each, with the depositions restricted to the specific "information contained in the declarants' respective declarations." All four witnesses should be made available, and at a minimum, the Attorney General should be permitted to

cross-examine them about the *subjects* addressed by their declarations, such as the *effectiveness* of the measures the platforms purport to have taken to prevent harm to children, not merely the specific "information" contained in them. Nor is it appropriate to restrict each deposition to a mere three hours, especially in the absence of paper discovery that might help focus the pertinent discussion.

      2.   In exchange for the discovery requested herein and if necessary to accommodate any scheduling issues, including the Court's, the Attorney General is willing to stay any enforcement of the challenged statute against Plaintiffs' members after the statute's effective date until the Preliminary Injunction Motion is resolved. In that case, the Attorney General would request that the briefing schedule be extended to accommodate the discovery allowed by the Court.

5

Ashley Moody
  *Attorney General*

Henry C. Whitaker (FBN 1031175)
  *Solicitor General*
/s/ *Daniel W. Bell*
Daniel W. Bell (FBN 1016188)
  *Chief Deputy Solicitor General*
Kevin A. Golembiewski (FBN 1002339)
  *Senior Deputy Solicitor General*
Darrick W. Monson (FBN 1041273)
  *Assistant Solicitor General*

Anita J. Patel (FBN 0070214)
  *Special Counsel*
Christine E. Lamia (FBN 745103)
  *Special Counsel*
James Waczewski (FBN 0154989)
  *Senior Assistant Attorney General*
Sara E. Spears (FBN 1054270)
  *Assistant Attorney General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300
daniel.bell@myfloridalegal.com

Counsel for Defendant Ashley Brooke Moody

November 6, 2024

Respectfully submitted,

/s/ *Douglas L. Kilby*
Douglas L. Kilby
Florida Bar No. 73407
Hannah E. Murphy
Florida Bar No. 1032756
Abby Corbett
Florida Bar No. 31332
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.
Highpoint Center
106 East College Avenue, Suite 700
Tallahassee, FL 32301
(850) 580-7200
dkilby@stearnsweaver.com

Paul D. Clement
Erin E. Murphy
James Y. Xi
Joseph J. DeMott
Mitchell K. Pallaki
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
joseph.demott@clementmurphy.com
mitchell.pallaki@clementmurphy.com

Counsel for Plaintiffs CCIA and NetChoice

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically served on all counsel of record via the CM/ECF system on this, on this 6th day of November, 2024.

*/s/Douglas L. Kilby*
Douglas L. Kilby
