UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION and NETCHOICE,<br><br>*Plaintiffs*,<br><br>v.<br><br>JAMES UTHMEIER, in his official capacity as Attorney General of the State of Florida,<br><br>*Defendant*. | Case No. 4:24-cv-00438-MW-MAF |

**PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION**

(Oral Argument Requested)

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiffs Computer & Communications Industry Association ("CCIA") and NetChoice ("NetChoice"), respectfully move the Court for a preliminary injunction enjoining Defendant James Uthmeier, in his official capacity as Attorney General of the State of Florida, and his employees, his agents, and successors in office from implementing or enforcing certain provisions of Section 1 of Florida House Bill 3 ("HB3" or the "Act"), against CCIA's and NetChoice's members.[1]  The Act took effect on January 1, 2025.

---

[1] Specifically, Plaintiffs ask the Court to enjoin Defendant from enforcing the provisions of HB3 that are codified as Fla. Stat. §§501.1736(2)(a), (2)(b)(1), (3)(a), (3)(b)(1), (4)(a), and (4)(b)(1).

The Court denied Plaintiffs' initial preliminary injunction motion on the theory that Plaintiffs failed to provide enough evidence for "the Court to reasonably conclude that it is likely that at least one specific member" is regulated by HB3. Dkt.72 at 10. Plaintiffs have submitted revised declarations that provide that evidence. *See* Boyle.Decl.¶¶9-16; Veitch.Decl.¶¶6-11; Cleland.Decl.¶¶20-24; Schruers.Decl.¶¶4-6. Because the Act will have a substantial impact upon the First Amendment rights of CCIA and NetChoice members, and upon the rights of users of those members' services, Plaintiffs request that the Court maintain the status quo by preliminarily enjoining Defendant's enforcement of HB3 against their members.

WHEREFORE, Plaintiffs CCIA and NetChoice respectfully request that this Court:

(i) Preliminarily enjoin Defendant Uthmeier, his employees, his agents, and successors in office from implementing or enforcing the provisions of HB3 §1 that are codified as Fla. Stat. §§501.1736(2)(a), (2)(b)(1), (3)(a), (3)(b)(1), (4)(a), and (4)(b)(1), against CCIA's and NetChoice's members; and

(ii) Grant any other relief that the Court determines is just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(K), Plaintiffs respectfully request oral argument on this Motion to the extent this Court would find further argument useful, but

estimate that no more than one (1) hour would be required for the hearing given the extensive argument this Court has already heard.

Respectfully submitted,

/s/ *Douglas L. Kilby*

| | |
|---|---|
| Paul D. Clement | Douglas L. Kilby |
| Erin E. Murphy | Florida Bar No. 73407 |
| James Y. Xi (*pro hac vice*) | Hannah E. Murphy |
| Joseph J. DeMott (*pro hac vice*) | Florida Bar No. 1032759 |
| Kevin Wynosky (*pro hac vice*) | Abby Corbett |
| Mitchell K. Pallaki (*pro hac vice*) | Florida Bar No. 31332 |
| CLEMENT & MURPHY, PLLC | Grace Mead |
| 706 Duke Street | Florida Bar No. 49896 |
| Alexandria, VA 22314 | STEARNS WEAVER MILLER |
| (202) 742-8900 | WEISSLER ALHADEFF & |
| paul.clement@clementmurphy.com | SITTERSON, P.A. |
| erin.murphy@clementmurphy.com | Highpoint Center |
| james.xi@clementmurphy.com | 106 East College Avenue, Suite 700 |
| joseph.demott@clementmurphy.com | Tallahassee, FL 32301 |
| kevin.wynosky@clementmurphy.com | (850) 580-7200 |
| mitchell.pallaki@clementmurphy.com | dkilby@stearnsweaver.com |

*Counsel for Plaintiffs CCIA and NetChoice*

March 28, 2025

## CERTIFICATE OF SERVICE

I certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

March 28, 2025 /s/ Douglas L. Kilby
Douglas L. Kilby

## CERTIFICATE OF WORD COUNT

This motion complies with the type-volume limitation of Local Rule 7.1(F) because this motion contains 335 words, excluding the parts of the motion exempted by Local Rule 7.1(F).

March 28, 2025 /s/ Douglas L. Kilby
Douglas L. Kilby

## CERTIFICATE OF CONFERRAL

I certify that, pursuant to Local Rule 7.1(B), I attempted in good faith to resolve the issues presented in this motion and the corresponding memorandum through a meaningful conference with counsel for the Defendant on March 26, 2025. Defendant does not consent to the relief requested.

March 28, 2025 /s/ Douglas L. Kilby
Douglas L. Kilby