**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

COMPUTER & COMMUNICATIONS
INDUSTRY ASSOCIATION, et al.,

      Plaintiffs,

v.                                                        Case No. 4:24-cv-00438-MW-MAF

JAMES UTHMEIER, in his official
capacity as Attorney General of the
State of Florida,

      Defendant.

_____/

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Under the guise of a "Notice of Supplemental Authority," Plaintiffs rehash their grievances with this Court's order denying their preliminary-injunction motion—an order Plaintiffs did not appeal. But nothing in *HM Florida* calls into question this Court's standing analysis. Neither Defendant nor this Court has ever disputed that Plaintiffs need only establish that HB3 "arguably proscribes" the conduct their members wish to engage in. DE72 at 9-11. As this Court thoroughly explained, the defect here was Plaintiffs' failure to produce any evidence beyond "vague, conclusory assertions" that one of their members was subject to HB3's regulations at all. DE72 at 7. Because HB3 regulates only platforms that meet the

statutory definition of "social media platform," Fla. Stat. § 501.1736(1)(e), Plaintiffs had to offer evidence indicating that one of their members satisfies the definition to establish that a member's conduct is "arguably proscribed" by HB3. *Accord* Op. 11-12.

Contrary to Plaintiffs' assertions, requiring them to show that HB3 applies to one of their members does not require them to "establish that they are violating" HB3 and "provoke a prosecution." DE89 at 2. It is elementary that a plaintiff must first show that it is *subject* to a law to challenge it. But neither Defendant nor this Court has ever suggested that Plaintiffs' members must violate HB3 (or reveal that they are violating it). As *HM Florida* explained, the purpose of pre-enforcement standing is precisely to allow plaintiffs to challenge laws that regulate them without having to first violate the laws and risk liability. Op. 9. One of Plaintiffs' members decided to violate HB3 and risk liability anyway. Plaintiffs cannot blame the Court for that decision and ask it to excuse their delay in showing the bare minimum for standing so that their member can avoid litigating in state court. *See* DE89 at 2; *Doran v. Salem Inn*, 422 U.S. 922, 929 (1975) ("Having violated the ordinance, rather than awaiting the normal development of its federal lawsuit, M&L cannot now be heard to complain that its constitutional contentions are being resolved in a state court.").

Dated: May 14, 2025

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General of Florida*

*/s/ Darrick W. Monson*
John Guard (FBN 374600)
  *Chief Deputy Attorney General*
JEFFREY PAUL DESOUSA (FBN 110951)
  *Acting Solicitor General*
DAVID M. COSTELLO (FBN 1004952)
  *Chief Deputy Solicitor General*
KEVIN A. GOLEMBIEWSKI (FBN 1002339)
  *Senior Deputy Solicitor General*
DARRICK W. MONSON (FBN 1041273)
  *Deputy Solicitor General*
ANITA J. PATEL (FBN 0070214)
CHRISTINE E. LAMIA (FBN 745103)
JAMES WACZEWSKI (FBN 0154989)
  *Special Counsels*
SARA E. SPEARS (FBN 1054270)
  *Assistant Attorney General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300
darrick.monson@myfloridalegal.com

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

This notice complies with Local Rule 7.1(J) because it has 350 words.

*/s/ Darrick W. Monson*
Counsel for Defendants


## CERTIFICATE OF SERVICE

I certify that on this 14th day of May, 2025, the foregoing notice was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

*/s/ Darrick W. Monson*
Counsel for Defendants