## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

COMPUTER & COMMUNICATIONS
INDUSTRY ASSOCIATION, et al.,

      Plaintiffs,

v.                             Case No. 4:24-cv-00438-MW-MAF

JAMES UTHMEIER, in his official
capacity as Attorney General of the
State of Florida,

      Defendant.

_____/

## ANSWER

Defendant hereby answers the Amended Complaint, DE 74, as follows:

### INTRODUCTION

1.    Defendant admits that the debates regarding social-media companies' harmful business practices are important and that the government may take part in these debates. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remainder of Paragraph 1; therefore the allegations are denied.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations.

3.     Defendant denies the allegations in Paragraph 3.

4.     Paragraph 4 contains legal conclusions that do not require a response, To the extent a response is required, Defendant denies the allegations.  Defendant denies the remaining allegations in Paragraph 4.

5.     Defendant denies the allegations in Paragraph 5.

6.     Defendant denies the allegation in Paragraph 6.

7.     Defendant admits CCIA is a trade association for Internet companies. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 7; therefore the allegations are denied.

8.     Defendant admits NetChoice is a trade association for Internet companies. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 8; therefore the allegations are denied.

9.     Defendant denies the allegation in Paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant admits that Snap, Inc. operates a platform that is "likely covered by the law" but otherwise denies the allegations in paragraph 11. Defendant lacks sufficient knowledge or information and therefore denies that both CCIA and NetChoice have members that are covered by the law. The cited sources

speak for themselves and Defendant denies the paragraph's characterization of the sources.

12.    Defendant admits the allegations in paragraph 12.

13.    Defendant admits the allegations in paragraph 13.

14.    Defendant admits the allegations in paragraph 14.

15.    Defendant admits the allegations in paragraph 15.

16.    Defendant admits that Snapchat uses at least one of the addictive features listed in section 501.1736(1)(e)(4). Any remaining allegations in Paragraph 16 are denied.

17.    Defendant admits the allegations in paragraph 17.

18.    Defendant admits the allegations in paragraph 18.

19.    Defendant admits the allegations in paragraph 19.

20.    Defendant has confirmed that it believes Snap is covered by HB 3 and has filed a lawsuit, *Office of the Attorney General v. Snap, Inc.*, Case No. 3:25-cv-676-MW-HTC, (N.D. Fla.) against Snap for violating the requirements of HB 3. Any remaining allegations in Paragraph 20 are denied.

21.    The cited case law speaks for itself and Defendant denies the characterization of the source. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 21; therefore the allegations are denied.

22.     Defendant denies that HB 3 burdens Snap's purported First Amendment rights. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations; therefore the allegations are denied.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24; therefore the allegations are denied.

25.     Defendant admits the allegations in Paragraph 25.

26.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26; therefore the allegations are denied.

27.     Defendant admits YouTube likely uses at least one of the addictive features listed in section 501.1736(1)(e)(4). Any remaining allegations in Paragraph 27 are denied.

28.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28; therefore the allegations are denied.

29.     The cited sources speak for themselves and Defendant denies the characterization of those sources. Defendant lacks sufficient knowledge or

information to form a belief about the truth of the remaining allegations in Paragraph 29; therefore the allegations are denied.

30.    Defendant admits the allegations in Paragraph 30.

31.    Defendant admits the allegations in Paragraph 31.

32.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32; therefore the allegations are denied.

33.    The cited source speaks for itself and Defendant denies the characterization of the source. Defendant lacks sufficient knowledge or information to form a belief about the truth of YouTube's "fear"; therefore the allegation is denied. Any remaining allegations in Paragraph 33 are denied.

34.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34; therefore the allegations are denied.

35.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding how YouTube curates and disseminates information; therefore the allegations are denied. Defendant denies the remaining allegations in Paragraph 35.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation Paragraph 37; therefore the allegations are denied.

38.    Defendant admits that Facebook and Instagram likely "allow users to upload content or view the content or activity of other users."  The cited sources speak for themselves. Defendant denies any remaining allegations in Paragraph 38.

39.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39 regarding Facebook's and Instagram's algorithms; therefore the allegations are denied. The cited sources speak for themselves. Defendant denies any remaining allegations in Paragraph 39.

40.    Defendant admits that Facebook and Instagram likely use one of the addictive features listed in § 501.1736(1)(e)(4).  The cited sources speak for themselves. Defendant denies any remaining allegations in Paragraph 40.

41.    The cited source speaks for itself and Defendant denies the characterization of the source. Defendant lacks sufficient knowledge or information to form a belief about the truth of Meta's "fear"; therefore the allegation is denied. Any remaining allegations in Paragraph 41 are denied.

42.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Any remaining allegations in Paragraph 42 are denied.

43.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Defendant lacks sufficient knowledge or information to form a belief about the truth of Meta's "fear," therefore the allegation is denied.  Any remaining allegations in Paragraph 43 are denied.

44.    Defendant admits the allegations in Paragraph 44.

45.    Defendant admits the allegations in Paragraph 45.

46.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46; therefore the allegations are denied.

47.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47; therefore the allegations are denied.

48.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding how Meta curates and disseminates information; therefore the allegations are denied. Defendant denies the remaining allegations in Paragraph 48.

49.    Defendant denies the allegations in Paragraph 49.

50.    Defendant denies the allegations in Paragraph 50.

51.    Defendant admits that James Uthmeier is the Attorney General of Florida, that he is the head of the Department of Legal Affairs, that the Department

of Legal Affairs is charged with enforcement of HB 3, and that Plaintiffs seek

declaratory and injunctive relief against the Attorney General in his official

capacity. Defendant denies that Plaintiffs are entitled to any relief.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant admits that venue is proper in the Northern District of

Florida.

54.    Defendant admits that CCIA and NetChoice are trade associations.

Defendant lacks sufficient knowledge or information to form a belief about the

truth of the remaining allegations in Paragraph 54; therefore the allegations are

denied.

55.    The cited source speaks for itself and Defendant denies any

inconsistent characterization of the source. Defendant lacks sufficient knowledge

or information to form a belief about the truth of the remaining allegations in

Paragraph 55; therefore the allegations are denied.

56.    Paragraph 56 contains legal conclusions to which a response is not

required. To the extent a response is required, Defendant denies the allegations.

Defendant lacks sufficient knowledge or information to form a belief about the

truth of the remaining allegations in Paragraph 56; therefore the allegations are

denied.

57.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57; therefore the allegations are denied.

58.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Defendant otherwise denies the allegations in Paragraph 58; therefore the allegations are denied.

59.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 59; therefore they are denied.

60.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Defendant otherwise denies the allegations in Paragraph 60.

61.    The cited sources speak for themselves and Defendant denies the characterization of the sources. Defendant otherwise denies the allegations in Paragraph 61.

62.    Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Any remaining allegations in Paragraph 62 are denied.

63.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63; therefore the allegations are denied.

64.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 64; therefore the allegations are denied.

65.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 65; therefore the allegations are denied.

66.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 66; therefore the allegations are denied.

67.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 67; therefore the allegations are denied.

68.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 68, therefore the allegations are denied.

69.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69; therefore the allegations are denied.

70.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70; therefore the allegations are denied.

71.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71; therefore the allegations are denied.

72.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72; therefore the allegations are denied.

73.     The cited source speaks for itself. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 73; therefore the allegations are denied.

74.     The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 74; therefore the allegations are denied.

75.    The cited source speaks for itself. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 75; therefore the allegations are denied.

76.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76; therefore the allegations are denied.

77.    The cited sources speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 77; therefore the allegations are denied.

78.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78; therefore the allegations are denied.

79.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79; therefore the allegations are denied.

80.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80; therefore the allegations are denied.

81.    Defendant denies the allegations in Paragraph 81.

82.    HB 3 speaks for itself and Defendant denies the characterization of HB 3 in Paragraph 82. Defendant denies any remaining allegations.

83.    The text of HB 3 speaks for itself and Defendant denies the paragraph's characterization of it. Defendant denies any remaining allegation in Paragraph 83.

84.    The cited statute speaks for itself and Defendant denies the paragraph's characterization of it. Defendant otherwise denies the allegations in Paragraph 84.

85.    The cited statute speaks for itself and Defendant denies the paragraph's characterization of it. Defendant otherwise denies the allegations in Paragraph 85.

86.    The cited statute speaks for itself and Defendant denies the paragraph's characterization of it. Defendant otherwise denies the allegations in Paragraph 86.

87.    The cited statute and regulation speak for themselves and Defendant denies the paragraph's characterization of these provisions. Defendant otherwise denies the allegations in Paragraph 87.

88.    The cited statute and regulation speak for themselves and Defendant denies the paragraph's characterization of these provisions. Defendant otherwise denies the allegations in Paragraph 88.

89.    The cited statute and regulation speak for themselves and Defendant denies the paragraph's characterization of these provisions. Defendant otherwise denies the allegations in Paragraph 89.

90.    The cited statute speaks for itself. Defendant otherwise denies the allegations in Paragraph 90.

91.    Defendant admits that the effective date of HB 3 was January 1, 2025.

## CLAIMS FOR RELIEF

### COUNT ONE
### First Amendment
### (42 U.S.C. §1983; Ex Parte Young; 28 U.S.C. §§2201(a) and 2202)

92.    Defendant re-alleges and incorporates by reference his responses to the preceding allegations as if fully set forth herein.

93.    The cited cases speak for themselves and Defendant denies this paragraph's characterization of those cases. Defendant otherwise denies the allegations in Paragraph 93.

94.    The cited case speaks for itself and Defendant denies this paragraph's characterization of the case. Defendant otherwise denies the allegations in Paragraph 94.

95.    The cited cases speak for themselves and Defendant denies this paragraph's characterization of those cases. Defendant otherwise denies the allegations in Paragraph 95.

96.    The cited cases speak for themselves and Defendant denies this paragraph's characterization of those cases. Defendant otherwise denies the allegations in Paragraph 96.

97.    The cited cases speak for themselves and Defendant denies this paragraph's characterization of those cases. Defendant otherwise denies the allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant denies the allegations in Paragraph 99.

100.    The cited sources speak for themselves and Defendant denies this paragraph's characterization of those sources. Defendant denies the remaining allegations in Paragraph 100.

101.    The cited sources speak for themselves and Defendant denies this paragraph's characterization of those sources. Defendant denies the remaining allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.   Paragraph 108 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited cases speak for themselves. Defendant otherwise denies the allegations in Paragraph 108.

109.   Defendant denies the allegations in Paragraph 109.

110.   Paragraph 110 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited case speaks for itself. Defendant otherwise denies the allegations in Paragraph 110.

111.   Defendant denies the allegations in Paragraph 111.

112.   Paragraph 112 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 112.

113.   Paragraph 113 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited source speak for itself. Defendant otherwise denies the allegations in Paragraph 113.

114.   Paragraph 114 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations.

The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 114.

115.   Paragraph 115 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 115.

116.   Paragraph 116 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 116.

117.   Paragraph 117 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 117.

118.   Paragraph 118 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. Defendant otherwise denies the allegations in Paragraph 118.

119.   Paragraph 119 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations.

The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 119.

120.    Paragraph 120 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 120.

121.    Paragraph 121 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited source speaks for itself. Defendant otherwise denies the allegations in Paragraph 121.

122.    Paragraph 122 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited source speaks for itself. Defendant otherwise denies the allegations in Paragraph 122.

123.    Defendant denies the allegations in Paragraph 123.

## COUNT TWO
### Unconstitutional Vagueness
### (42 U.S.C. § 1983; Ex Parte Young; 28 U.S.C. §§ 2201(a) and 2202)

124.    Defendant re-alleges and incorporates by reference his responses to the paragraphs 1-91 as if fully set forth herein.

125.    Paragraph 125 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 125.

126.    Defendant denies the allegations in Paragraph 126.

127.    Defendant denies the allegations in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.    Defendant denies the allegations in Paragraph 129.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

## COUNT THREE
### Preemption
### (42 U.S.C. § 1983; Ex Parte Young; 28 U.S.C. §§ 2201(a) and 2202)

134.    Defendant re-alleges and incorporates by reference his responses to paragraphs 1-91 as if fully set forth herein.

135.    The cited statutes speak for themselves. Defendant otherwise denies the allegations in Paragraph 135.

136.    The cited statutes speak for themselves. Defendant otherwise denies the allegations in Paragraph 136.

137. The cited statutes speak for themselves. Defendant otherwise denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

139. Paragraph 139 includes legal conclusions which do not require a response. To the extent a response is required, Defendant denies those allegations. The cited statutes speak for themselves. Defendant otherwise denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

**COUNT FOUR**
**Equitable Relief**

141. Defendant re-alleges and incorporates by reference his preceding responses as if fully stated herein.

142. Defendant denies the allegations in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

**COUNT FIVE**
**Declaratory Relief**

145. Defendant re-alleges and incorporates by reference his preceding responses to paragraphs 1-140 as if fully stated herein.

146. Defendant denies the allegation in Paragraph 146.

147.   The cited sources speak for themselves. Defendant otherwise denies the allegations in Paragraph 147.

148.   Defendant denies the allegation in Paragraph 148.

## PRAYER FOR RELIEF

The paragraphs under the "Prayer for Relief" do not require a response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to relief as described.

## DEFENSES

Defendant asserts the following defenses without admitting any of the allegations in the Amended Complaint that have previously been denied, without assuming any burden of proof that Defendant would not otherwise bear, and reserving the right to amend or supplement these defenses and raise counterclaims as additional facts become available or apparent in this action:

## First Defense

Plaintiffs lack standing to assert the rights of their members and other third parties.

**Second Defense**

Plaintiffs' First and Fourteenth Amendment claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971) because the relief they seek would interfere with the state court enforcement proceeding against Snap.

**Third Defense**

Plaintiffs fail to state a claim upon which relief can be granted.

**Fourth Defense**

Plaintiffs fail to state a claim under 42 U.S.C. § 1983 because they allege no deprivation of their own federal rights.

**Fifth Defense**

Plaintiffs lack a cause of action for preemption under the Children's Online Privacy Protection Act (COPPA).

**Sixth Defense**

This Court should abstain from deciding these issues until Florida courts have interpreted HB 3 pursuant to *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

**Seventh Defense**

The complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure because a significant portion of it is legal argument. *See Crane v. United*

*States*, 2024 WL 4165325, at *2 (M.D. Fla. Apr. 16, 2024) ("Legal arguments . . . ordinarily have no place in a complaint.").

### Eighth Defense

Plaintiffs lack a cause of action in equity. *Ex parte Young* traces its roots to "anti-suit injunctions," which "[a]s classically understood," "permit potential defendants in legal actions to raise in equity a defense available at law," but Plaintiffs are not potential defendants in a legal action because HB 3 does not regulate them. *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 906 (6th Cir. 2014).

Dated: October 17, 2025                Respectfully submitted,

                                       JAMES UTHMEIER
                                         *Attorney General of Florida*

                                       */s/ Anita Patel*
                                       Jeffrey Paul DeSousa (FBN 110951)
                                         *Acting Solicitor General*
                                       Kevin A. Golembiewski (FBN
                                       1002339)
                                         *Senior Deputy Solicitor General*
                                       Darrick W. Monson (FBN 1041273)
                                         *Deputy Solicitor General*
                                       Anita J. Patel (FBN 0070214)
                                       James Waczewski (FBN 0154989)
                                         *Special Counsels*
                                       Sara E. Spears (FBN 1054270)
                                         *Assistant Attorney General*

                                       Office of the Attorney General
                                       PL-01, The Capitol
                                       Tallahassee, Florida 32399
                                       (850) 414-3300

                                       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of October, 2025, the foregoing motion was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

                                       */s/ Anita Patel*
                                       Anita Patel