IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMPUTER & COMMUNICATIONS
INDUSTRY ASSOCIATION and
NETCHOICE, LLC,

    *Plaintiffs,*

v.                                  **Case No. 4:24cv438-MW/MAF**

JAMES UTHMEIER,

    *Defendant.*

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING NON-PARTY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendant respectfully moves for entry of the proposed Protective Order Governing Non-Party Discovery, attached as Exhibit 1. The Court previously entered a protective order for party discovery that included a Confidential designation. *See* Protective Order, ECF 45, 44-1. Since then, Defendant issued Rule 45 subpoenas to non-parties, including Meta Platforms, Inc., Google LLC, and Snap Inc. While disputes remain regarding the production of documents related to specific requests, at least some of the non-parties have indicated a need for a protective order with a Highly Confidential – Attorneys' Eyes Only (AEO) designation. Defendant and some of the non-parties have had multiple discussions in an effort to reach agreement as to an agreed protective order

1

but have reached an impasse regarding some of the terms. After further negotiations, Defendant identifies only issue that needs Court resolution due to an impasse between the Defendant and the non-parties[1]. The attached proposed protective order incorporates all of the non-parties' changes that the Defendant accepted, as well as the language proposed by Defendant *vis a vis* those provisions where the Defendant did not agree to the proposed changes.

Defendant wishes that various provisions in the proposed order that discuss confidential documents make reference to Florida's Public Records laws. The provisions in dispute are located in Sections 2.2 (reference to several Florida Statutes); 7.2(a) (reference to Defendant's requirement to comply with "Florida's Public Records Act"); 7.3(a) (reference to Defendant's requirement to comply with "Florida's Public Records Act"); Section 14 (containing the main provisions Defendant proposes regarding Florida's public records laws).

Accordingly, Defendant requests that the Court enter the Proposed Protective Order attached hereto as Exhibit 1, which contains all of the agreed-upon provisions, and as to those provisions in dispute, it contains the Defendant's proposed version.

---

[1] This Court recently litigated a similar dispute regarding the inclusion of language related to Florida's public records law in *NetChoice L.L.C., et. al., v. James Uthmeier*, et. al., Case No. 4:21cv220-RH-MA. There, the Court entered a protective order omitting the language the defendant proposed. *Id*. at DE 239; 240.

**MEMORANDUM OF LAW**

There is no dispute that some of the materials the non-parties are being asked to produce are sensitive and require protection via a protective order.  There is no dispute that this Court can enter a protective order that voids obligations the Defendant would have under Florida Public Records Laws that would be contrary to the obligations imposed on Defendant by a protective order entered by this Court. Thus, there is no doubt that this Court should enter the Proposed Protective Order Governing Non-Party Discovery, and that such an order should and would protect some of the documents the non-parties produce from public disclosure in response to a public records request.  The dispute is about the scope of the protections provided by the purported protective order vis a vis Florida public records laws.  It is the Defendant's position that Florida public records laws already provide sufficient protection to the non-parties,[2] and that the non-parties have not identified a need for the protection of particular records that justifies the entry of a protective order that provides broader protection.

Defendant is subject to Florida Public Records Act, embodied in Chapter 119, Florida Statutes. "It is the policy of [Florida] that all state, county, and municipal

---

[2]   Under provision 2.2 of the Defendant's proposed order, the following statutes that contain protections are cited: Fla. Stat. Sections 119.071 (listing various exemptions to the public records disclosure requirements); 119.0715 (trade secrets exemption), 494.00125 (consumer investigation exemptions); 501.2065 (consumer protection intelligence or investigative information exemption); or 815.045, Florida Statutes (protecting trade secrets).

records are open for personal inspection and copying by any person. Providing Access to public records is a duty of each agency." § 119.01(1), Fla. Stat.  This is not only a duty to the Government, but a right of its citizens that the Florida Constitution requires the Government to protect – because an open government is a better government.  *See* Article I, Section 24(a) of the Florida Constitution (the "Sunshine Amendment").

If agencies such as the Office of the Florida Attorney General fail to produce public records that do not qualify for a statutory public records exemption or confidential treatment under Florida law, or if the Attorney General unreasonably delays production of such records, then the Attorney General is subject to suit and can be liable for attorney fees and costs. *See* § 119.12, Fla. Stat. Attorney General staff members may even be subject to noncriminal fines or even criminal penalties. *See* § 119.10, Fla. Stat.

Defendant expects that many of the records non-parties designate as "Confidential" and "Highly Confidential – Attorneys' Eyes Only" would qualify for protection as trade secrets under section 119.0715, Florida Statutes, or qualify as otherwise exempt under section 119.071, Florida Statutes. Defendant also expects that the deposition testimony of the non-party companies' employees would, in some cases, qualify for protection under such exemptions. But Defendant lacks the authority to agree to the terms that non-parties such as Meta, Google, and Snap have

requested that provide overbroad protection to documents that fall outside the exemptions to public records requirements.  For example, the non-parties' subjective, unilateral assessment that their discovery documents or transcripts of their employees' testimony would constitute "trade secrets," *see* § 688.002, Fla. Stat., cannot provide a basis for denying the public their right to access public records. *Cf. NCAA v. Associated Press*, 18 So. 3d 1201, 1208-09 (Fla. 1st DCA 2009) ("The right to examine these records is a right belonging to the public; it cannot be bargained away by a representative of the government.").

The statutory trade secret protections, when applicable to materials produced by the non-parties, and the procedural protections of the Proposed Protective Order, would adequately protect the confidentiality of the non-parties' materials.

## LEGAL STANDARD

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue" a protective order, including to require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.*

## ARGUMENT

The Proposed Protective Order provides significant protection to the non-parties through the Confidential and Highly Confidential – Attorneys' Eyes Only designations. Entry of such an order, which the non-parties themselves have generally requested, will ensure protection of the non-parties' sensitive information while enabling Defendant to comply with its obligations under the Florida Public Records Act. Indeed, the terms protect the interests of the non-parties by requiring Defendant to notify the non-parties if Defendant receives a request under the Public Records Act for such materials and provide an avenue for the non-parties to seek relief from this Court. *See* Ex. 1 § 14. The Proposed Protective Order strikes an appropriate balance between facilitating production of relevant materials and enabling Defendant to respect the requirements of the Public Records Act. Such terms are standard parts of protective orders involving Florida agencies.

Good cause supports entry of the Proposed Protective Order.  In this suit, Plaintiffs, on behalf of some of the non-parties, have attacked the constitutionality of a law that potentially regulates the non-parties.  Defendant seeks to defend the law. At issue is Florida's attempt to regulate social media companies that engage in practices aimed at addicting youth to using their products – a claim that the non-parties dispute.  Examining the practices of these companies – even if to test whether or not the Florida legislation passes constitutional muster – will require the

Defendant to examine records of the non-parties that likely deserves protection from disclosure – even disclosure through public records requests.   The non-parties identified by Plaintiffs and subpoenaed by Defendant have indicated that some of their nonpublic materials are "Confidential" or "Highly Confidential." Defendant does not oppose such materials and information, if appropriately designated, receiving protection under the terms of the Proposed Protective Order. And in many circumstances, such materials and information might also qualify for protection under the Public Records Act's exemptions.

Nevertheless, the non-parties' desire for heightened protection – without more -- does not entitle them to unilaterally exempt their materials and their employees' testimony from the Public Records Act. Federal district courts in Florida have repeatedly declined to enter protective orders that would require Florida agencies to categorically refuse to comply with the Act. *See, e.g., Floyd v. City of Sanibel*, No. 2:15-cv-795, 2017 WL 10441332, at \*3 (M.D. Fla. Jan. 9, 2017) (refusing to enter a protective order because "without a sufficient showing to the contrary, the Court cannot enter a protective order that may subject the City to a liability under the Public Records Act"); *Sovereign Health of Fla., Inc. v. City of Fort Myers*, No. 2:15-cv-265, 2016 WL 5870213, at \*4-5 (M.D. Fla. Oct. 7, 2016) ("The Court finds Defendant's argument persuasive that Plaintiff's proposed confidentiality order may expose Defendant to liability under the Public Records Act."). The Florida

"legislature has the constitutional power to regulate disclosure of public records of the state and its political subdivisions." *See City of Miami v. Miami Herald Pub. Co.*, 468 So. 2d 218, 219 (Fla. 1985); *see also Bd of Trs., Jacksonville Police & Fire Pension Fund v. Lee*, 189 So. 3d 120, 123-124 (Fla. 2016).  Federal courts should not grant the non-parties a blanket exemption from the Public Records Act without good cause for doing so.

There is no doubt that this Court can create broader disclosure protections than those contained in Florida's public records laws – but such protections are usually granted for specific sensitive documents for which no known exemption exists.  *See e.g.*, *Mata Chorwadi, Inc. v. City of Boynton Beach*, 2020 WL 2516979 (S.D. Fla. May 18, 2020); (protecting "confidential and proprietary financial discovery); *O'Boyle v. Town of Gulf Stream*, 2021 WL 12148330 (S.D. Fla. March 31, 2021) (protecting federal income tax returns);  *CSX Transportation, Inc. v. Florida Department of Revenue*, No. 4:06-cv-342, 2006 WL 8443347 (N.D. Fla. Dec. 26, 2006).[3]

---

[3]  Writing:

> Plaintiff has shown that it has an expectation of privacy in the following kinds of information, but only to the extent that this information has been maintained as confidential by Plaintiff and has not been publically disclosed:
> a. Tax returns and related tax information furnished by Plaintiff to the tax authorities of other states, but only to the extent that such documents and information are not public records in other states.
> b. Internal business plans, capital budgets, and strategic plans.
> c. Financial presentations to Plaintiff's Board of Directors and the minutes of the Board.
> d. Information relating to actual or potential mergers or acquisitions.

But unlike the above cases, the non-parties have not identified with detail the types of records that would give this Court "good cause" for greater protection. Rather, they seem to believe that this Court should grant such protections blindly, without any prior qualification of what category of records require such greater protection. Some of the subpoenaed non-parties have voluntarily decided to provide witnesses to testify in support of Plaintiffs yet seek the right to exempt all nonpublic information from the Public Records Act by simply designating such information "Confidential" or "Highly Confidential." Defendants cannot agree to give the non-parties a unilateral right to exempt all future materials they designated as protected from the Florida Public Records Act. Even though this Court, for "good cause," has the ability to override the Public Records Act, the non-parties cannot justify categorically ignoring this "cornerstone of [Florida's] political culture." *In re Report & Recommendations of J. Mgmt. Council of Fla.*, 832 So. 2d 712, 713 (Fla. 2002). The non-parties are not strangers to this litigation. The Plaintiffs trade associations primary interest in this litigation is to vindicate the associations' members alleged rights and to protect them from alleged injury.

---

e. Internal financial analyses and information concerning the performance of Plaintiff and its subsidiaries, including without limitation, internal cost capital studies, impairment analyses, "free cash flow" analyses, analyses of historical financial performance, and inter-subsidiary or inter-corporate financial reconciliations.

9

Based on the foregoing, Defendant requests the Court to enter the attached proposed protective order.

## CONCLUSION

The Court should grant this motion and enter Defendant's proposed "Protective Order Governing Non-Party Discovery" – attached as Exhibit 1.

Dated: March 26, 2026                    Respectfully submitted,

                                         JAMES UTHMEIER
                                         *Attorney General of Florida*

                                         */s/ James Waczewski*
                                         Jeffrey Paul DeSousa (FBN 110951)
                                           *Acting Solicitor General*
                                         Anita J. Patel (FBN 0070214)
                                         James Waczewski (FBN 0154989)
                                           *Special Counsels*
                                         Sara E. Spears (FBN 1054270)
                                           *Assistant Attorney General*

                                         Office of the Attorney General
                                         PL-01, The Capitol
                                         Tallahassee, Florida 32399
                                         (850) 414-3300

                                         *Counsel for Defendant*

## CERTIFICATE OF ATTORNEY CONFERENCE

This motion complies with Local Rule 7.1(B) because Defendant's counsel attempted in good faith to resolve the issue through meaningful conferences with

attorneys for the adverse parties. Such conferences include multiple videoconferences with lawyers for Google L.L.C.; Meta Platforms, Inc.,; and Snap Inc.; as well as communications via email and exchange of drafts and comments on the draft word document shared and edited among all participants in these negotiations. Plaintiffs were not involved in these discussions, but Plaintiffs were provided a copy of this motion and the attached proposed order on March 19, 2026, and have not raised any objections or indicated a desire to participate in these discussions.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), this motion and memorandum contains 2,044 words.

## CERTIFICATE OF SERVICE

I certify that on this 26th day of March, 2026, the foregoing motion and the attachment were served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System, as well as via email to the attorneys for the non-parties listed on this motion whose attorneys have not made an appearance in this case, if any.

/s/ James Waczewski
James Waczewski

11

12