**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**COMPUTER & COMMUNICATIONS**
**INDUSTRY ASSOCIATION and**
**NETCHOICE, LLC,**

     *Plaintiffs,*

v.                                                              **Case No. 4:24cv438-MW/MAF**

**JAMES UTHMEIER,**

     *Defendant.*

_____/

## MOTION TO MODIFY SCHEDULE

Under Federal Rule of Civil Procedure 16(b)(4), Defendant respectfully requests that the Court modify the schedule for this case by revising the sequence of discovery, extending the current deadlines, and staying summary judgment briefing pending the Eleventh Circuit's ruling on the preliminary injunction. Specifically, Defendant requests the Court bifurcate fact and expert discovery; set the expert-discovery deadlines after the close of fact discovery to allow Defendant's experts to consider documents produced during discovery; and set a single deadline for the Parties' exchange of expert reports and rebuttal reports. An extension of the deadlines is needed to accommodate the ongoing disputes over the Rule 45 subpoenas issued to the non-party members.

1

## BACKGROUND

The Parties previously filed a Joint Report of Rule 26(f) Conference setting forth their respective proposed schedule. ECF 115 at 5-6. While the Parties' proposed different deadlines, they both set forth a schedule that bifurcated fact and expert discovery and proposed expert disclosures to occur after the close of fact discovery. *Id*. at 6. This sequencing would have allowed the Parties' experts time to review documents obtained through discovery.  However, the Court's Scheduling Order set a single deadline for close of discovery – April 20, 2026. ECF 116 at 1.

On February 2, 2026, Defendant moved to modify the schedule to accommodate ongoing negotiations with several non-parties, including Snap, Inc. ("Snap"); Meta Platforms, Inc. ("Meta"); Google, LLC, ("Google"); TikTok Inc., TikTok, LLC; TikTok U.S. Data Security, Inc; and ByteDance, Inc. (collectively, "TikTok Entities")[1]. ECF 140. Defendant filed the motion in early February because the expert disclosure deadlines for Plaintiffs and the Defendant were February 19 and March 19, respectively. ECF 115, 116. The proposed modified schedule included a single discovery deadline, consistent with this Court's prior Order.  ECF 140.  The Court entered an Order adopting the modified schedule. ECF 141.

---

[1] At the time the subpoenas were issued, TikTok was not a member of either CCIA or NetChoice. However, NetChoice's website now lists TikTok as a member. *See* https://netchoice.org/about/#association-members

Since entry of that Order, Defendant and several non-parties have continued to engage in discussions to amicably resolve discovery disputes regarding the non-party subpoenas.  However, the discussions continue to be protracted due to basic disputes over the relevancy of documents and the companies' insistence that producing the documents is burdensome since they are non-parties. To date, the non-parties have principally produced only public documents (printouts of their public website pages).  The non-parties' refusal to produce meaningful, responsive documents has already forced Defendant to file one action in federal court in California to enforce his subpoena. Defendant anticipates that additional actions will be necessary. Thus, more time is needed to complete discovery.

Although the discovery deadline is August 20, Defendant is seeking modification now because the current expert disclosures deadlines are June 19 for Plaintiff and July 19 for Defendant.[2] Defendant additionally proposes a bifurcated fact and expert discovery deadlines to allow time for documents obtained in discovery to be considered by his experts. The modified schedule that Defendant proposes is:

- **Discovery deadline:** extended from August 20, 2026, (ECF No. 141) to December 15, 2026;

- **Parties' expert disclosure deadline:** January 29, 2027;

---

[2] Defendant originally sent a request for position on modification of the schedule on June 8, 2026. Since then, the Parties engaged in conferrals by videoconference and through email.

3

- **Parties' deadline to exchange expert rebuttal reports:** February 26, 2027;

- **Expert discovery deadline:** March 30, 2027;

- **Deadline to move for summary judgment:** extended from on or before September 10, 2026, (ECF No. 141) to the later of 21-days from close of expert discovery or 30 days from the 11th Circuit's ruling on the PI appeal.

## MEMORANDUM OF LAW

Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[D]istrict courts [have] broad discretion over the management of pre-trial activities, including discovery and scheduling." *Greene v. Ascend Performance Materials Inc.*, No. 3:23-cv-21637, 2025 WL 834752, at *1 (N.D. Fla. Feb. 3, 2025) (alterations in original) (quoting *Johnson v. Bd. of Regents of Univ. of Ga.,* 263 F.3d 1234, 1269 (11th Cir. 2001)). Good cause exists when the requesting party will be "unable to complete discovery, provide expert disclosures, or depose" witnesses despite the requesting party's diligence in pursuing discovery. *Bear v. Escambia Cnty. Bd. of Cnty. Comm'rs*, No. 3:19-cv-4424, 2022 WL 602266, at *4 (N.D. Fla. Mar. 1, 2022). The Court should grant Defendant's motion to modify the schedule because good cause supports modification.

Since the Court's prior Order extending the deadlines, Defendant and the non-parties have been able to make some headway in their discussions with the non-

4

parties. The non-parties have offered to produce a limited set of documents in response to a few requests. But those offers have been limited in scope, crafted to limit disclosure of non-public documents, and unresponsive to Defendant's actual requests.  In the case of Snap and Google, the offers were initially conditioned on Defendant's acceptance of their proposals as full resolution of the subpoena. In short, although Defendant has made significant effort to work with the non-parties and obtain documents, negotiations remain ongoing.

As to each platform, there remain requests where an agreement will likely not be reached.  Given the ongoing discussions and the rolling production of documents discussed below, Defendant has yet to move to compel as to most of the non-parties. When Defendant suggested that an impasse has been reached as to such requests, Google and Snap insisted that moving to compel is "premature" and accused Defendant of being "eager to rush to court."

However, on May 13, 2026, Defendant started the process of moving to compel against Snap as provided in the Central District of California's Local Rule 37.[3] Defendant seeks to not only compel production, but also to transfer the motion to the Northern District of Florida.[4] Defendant and Snap agreed to a briefing

---

[3] The Local Rule requires the parties to confer and file a joint position statement setting forth each parties' positions as to each discovery request sought to be compelled. A hearing on the motion must be set at last 21-days after the filing of the motion.
[4] Snap objects to transfer of the motion of the compel.

5

schedule that includes filing the motion on June 17 (which was filed) and requesting a hearing date of July 8, 2026, subject to the court's availability.

Defendant has just recently engaged in substantive discussions with TikTok. For months, TikTok engaged in a pattern of: (1) scheduling meet and confers then showing up unprepared to substantively discuss the requests; and (2) sending emails in January, February, and March indicating they expected to have a substantive response to Defendant's December 12th proposal "next week."[5] Following these representations, TikTok appeared at a meet and confer on April 22, 2026, again unprepared for a substantive discussion, and asked Defendant to pause discussions regarding the subpoena while they engaged in discussions with a separate division of the Attorney General's Office that handles enforcement proceedings. Defendant did not agree to the request. On April 27, 2026, TikTok finally provided a substantive response to Defendant's proposal. Since then, Defendant and TikTok have continued to confer in an attempt to amicably resolve the disputes, although motion practice appears likely as there are a subset of requests to which an agreement will likely not be reached.

---

[5] The TikTok Entities sent an email on January 23 stating that they "expect to have a response to share next week"; an email on February 7, stating "[w]e plan to have a response for you next week"; and an email on March 4 stating "we are continuing to work on our counterproposal to resolve the parties' dispute regarding the scope of the subpoena and anticipate providing a response this week or next."

Meta, Snap, and Google's first document productions occurred on April 30, May 1, and May 12, 2026, respectively. *See* ECF 154. These productions were limited and were comprised of all, or mostly all, public documents. Meta subsequently produced a single document on June 12, 2026, and Snap made an additional production of 2 documents on June 16, 2026. *See* ECF 155. TikTok has not produced any documents. Defendant anticipates having to move to compel against Google and Meta in the Northern District of California and against TikTok in the Central District of California.

Defendant is requesting an extension of the discovery deadline to accommodate the fact that the negotiations remain ongoing, document productions remain ongoing, and the motions to compel will need to be initiated in California, and potentially litigated in different forums. While the injunction is currently stayed, the non-parties' conduct and statements indicating that motions practice is "premature" or requesting to pause discussions related to the subpoena, does not evidence a true concern for delay. The trade associations proposed a 1-2 month extension, but that will not be sufficient given the conduct of the associations' members.

Furthermore, revision of the deadlines to separate fact and expert discovery will advance judicial economy. Completion of fact discovery allows the experts time to review documents produced and potentially incorporate them into their reports.

Keeping the current sequencing, especially in light of the ongoing disputes and potential for the non-parties producing documents close to the deadline, could hamper the development of the expert report and could lead to disputes regarding supplementation of reports.  The deadline proposed by Defendant for the disclosure of expert reports takes into account the federal holidays in late December and early January.

Finally, Defendant asks the Court to stay summary judgment briefing pending the Eleventh Circuit's ruling on the preliminary injunction appeal.  Oral Argument was heard on March 10, 2026.  Having the Eleventh Circuit's ruling prior to briefing of summary judgment would benefit the parties in properly framing the issues for this Court's resolution. It is also efficient: If the parties submit summary-judgment briefing before the Eleventh Circuit's ruling, they will undoubtedly need to submit supplemental briefing after the ruling. This is especially true since the Eleventh Circuit recently ordered the parties to file supplemental briefing on associational standing, prudential-standing, and whether the PI Order addressed Plaintiffs' as-applied challenges.

For these reasons, Defendant requests the Court modify the current schedule and adopt the modified schedule discussed herein.

Dated: June18, 2026                    Respectfully submitted,

                                       JAMES UTHMEIER
                                       *Attorney General of Florida*

                                       */s/ Anita Patel*
                                       Anita J. Patel (FBN 0070214)
                                        *Special Counsel*
                                       Sara E. Spears (FBN 1054270)
                                       *Assistant Attorney General*
                                       Office of the Attorney General
                                       PL-01, The Capitol
                                       Tallahassee, Florida 32399
                                       (850) 414-3300

                                       *Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), this motion and memorandum contains 1,702 words.

                                       /s/ Anita J. Patel
                                       Anita J. Patel

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1(B), the undersigned conferred with counsel for Plaintiffs who object to the relief sought herein.

                                       /s/ Anita J. Patel
                                       Anita J. Patel

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties, on this 18th day of June, 2026.

/s/ Anita J. Patel
Anita J. Patel